IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Craig B. Shaffer**

Civil Action No. 05-cv-02666-REB-CBS

LARRY C. SCHERRER,

    Plaintiff,

v.

LOU VALLARIO,
JASON ALSTATT,
EARL GAY,
TERRY WILSON,
SCOTT TEMPLON, and
MATTHEW GRONBECK,

    Defendants.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

The matter before the court is Defendants Vallario, Alstatt, and Gay's Motion to Dismiss [#9], filed January 16, 2006, and Defendants Wilson and Gronbeck's Motion to Dismiss [#12], filed January 17, 2006. Plaintiff had up to and including February 10, 2006, to respond to the motions. As of February 28, 2006, Plaintiff has failed to respond to either motion.

By an Order of Reference [#8], dated January 3, 2006, this matter was referred to this court for determination. The court has reviewed the Motions to Dismiss, the entire case file, and the applicable law and is sufficiently advised in the premises. It is hereby recommended that Defendants Vallario, Alstatt, and Gay's Motion to Dismiss [#9], filed January 16, 2006, and Defendants Wilson and Gronbeck's Motion to Dismiss [#12], filed January 17, 2006, be granted, and that those Defendants be dropped from

this action.

**I.     Background.**

Plaintiff filed this *pro se* action on December 13, 2005.  He asserts three claims for relief under **42 U.S.C. § 1983** related to an arrest on November 1, 2003, that he claims was made without probable cause.

Plaintiff admits that on November 1, 2003, he contacted his mother-in-law, Carole Richards.  He further concedes that a protection order had been entered prohibiting him from contacting Richards' daughter, Heather Scherrer, directly or "through any third person" except his attorney.

After receiving a call from Plaintiff, Richards contacted the Glenwood Springs Police Department and reported that Plaintiff contacted her.   Richards claimed that Plaintiff told her to contact Heather Scherrer and tell her to take her children to the City Market in Rifle on November 2, 2003.   After meeting with Richards and obtaining a witness statement, Defendant Gronbeck verified that a restraining order had been entered that prohibited Plaintiff from having any contact– direct or indirect – with Heather Scherrer.

Defendant Sheriff Templon of the Glenwood Springs Police Department contacted the Garfield County Sheriff's Office requesting assistance in arresting Plaintiff.  Defendant Templon advised Defendant Deputy Alstatt that there was probable cause to arrest Plaintiff for violating a restraining order, and that the police department would complete an affidavit for warrantless arrest.  After independently verifying that there was a protection order in effect for Plaintiff, Defendants Deputies Alstatt and Gay went to Plaintiff's address.  Plaintiff acknowledged to Defendant Alstatt

that he was aware of the restraining order. After verifying that Plaintiff had notice and knowledge of the protection order, Defendants Deputies Alstatt and Gay arrested Plaintiff and released him to Defendant Officer Gronbeck.

Plaintiff filed this action under **42 U.S.C. § 1983** against the sheriff, chief of police and the peace officers involved with his arrest. Plaintiff asserts his claims against Defendants Vallario, Alstatt, Gay, Wilson, and Gronbeck in their individual and official capacities. All of the aforementioned Defendants claim, *inter alia,* that this action is barred by the statute of limitations.

## II.   Standard of Review.

Since Plaintiff appears *pro se,* this court will construe liberally his pleadings and other papers, holding him to a less stringent standard than formal papers filed by attorneys. **Hall v. Bellmon,** 935 F.2d 1106, 1110 (10th Cir. 1991).

Rule 12(b)(6) states that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." **FED. R. CIV. P. 12(b)(6).** When reviewing a Rule 12(b)(6) motion to dismiss, the court accepts the well-pleaded allegations of the complaint as true and construes them in a light most favorable to the Plaintiff. **Ramirez v. Dep't of Corrections,** 222 F.3d 1238, 1240 (10th Cir. 2000) (citation omitted). The court should not dismiss a complaint under Rule 12 (b)(6) "unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." **Ramirez,** 222 F.3d at 1240 (quoting **Conley v. Gibson,** 355 U.S. 41, 45-46 (1957)). Dismissal of a complaint is appropriate under **FED. R. CIV. P. 12(b)(6)** if it is clear from the facts alleged that Plaintiff's claims are barred by the

applicable statute of limitations. ***Aldrich v. McCulloch Properties, Inc.,*** 627 F.2d 1036, 1041 & n.4 (10th Cir. 1980).

### III.    Analysis.

#### A.    *Defendants Vallario, Alstatt, and Gay's Motion to Dismiss.*

These Defendants argue that Plaintiff's claims are barred by the applicable statute of limitations.  Federal courts look to state law to determine the applicable statute of limitations to § 1983 claims.   **§ 13-80-102, C.R.S.***; Wilson v. Garcia,* 471 U.S. 261, 280 (1985).  In Colorado, § 1983 claims are subject to the two-year statute of limitations in **§ 13-80-102(1)(i), C.R.S.;** ***Blake v. Dickason,*** 997 F.2d 749, 750 (10th Cir. 1993).

Although state law governs the time period within which a § 1983 claim must be commenced, federal law controls the issue of when a claim accrues.  ***Price v. Philpot,*** 420 F.3d 1158, 1162 (10th Cir. 2005).  A civil rights action accrues when the plaintiff "knows or has reason to know of the injury which is the basis of the action."  ***Id.*** (quotations omitted).  Claims relating to an arrest are presumed to have accrued at the time of the arrest.  ***Johnson v. Johnson County Com'n Bd.,*** 925 F.2d 1299, 1301 (10th Cir. 1991); ***Singleton v. City of New York,*** 632 F.2d 185, 191 (2d Cir. 1980).

Here, Plaintiff was arrested on November 1, 2003.  Any claims under § 1983 he may have had related to the arrest accrued on that date.  Plaintiff makes a futile argument in his Complaint that he discovered his claims upon enrolling in a class on torts at Colorado Mountain College, which began on September 3, 2004. Unfortunately, case law supports Defendants', rather than Plaintiff's, contention: that

4

Plaintiff knew or had reason to know of his alleged injuries when he was arrested. Plaintiff did not file this action until December 13, 2005– after the statute of limitations expired on November 1, 2005.  Because all three claims being asserted in this action were under § 1983, the Defendants' Motion to Dismiss should be granted, and this action should be dismissed against these Defendants as time-barred.

### B.   *Defendants Wilson and Gronbeck's Motion to Dismiss.*

Similarly, these Defendants argue that Plaintiff's claims are barred by a two-year statute of limitations.  For the same reasons discussed above, Defendants arguments are cogent; their Motion to Dismiss should be granted; and this action should be dismissed against these Defendants as time-barred.

### C.   *Notice to Plaintiff Regarding Defendant Templon.*

To date, Defendant Templon has not filed a signed waiver of service or appeared in this case.  Apparently, Defendant Templon no longer works for the Glenwood Springs Police Department.  It is believed that he currently resides in Tennessee and that he has not yet been served.  **FED. R. CIV. P. 4(m)** provides that the court shall dismiss an action without prejudice as to any defendant who has not been served **within 120 days** of the filing of an action.  Defendant Templon has been named in this case since the filing of the Complaint on December 15, 2005.  More than two months have passed since the filing of the Complaint, and Defendant Templon has never been served with a summons and complaint in this action.

If after 120 days Plaintiff cannot effect service or show good cause for his failure to serve Defendant Templon, this matter should be dismissed without prejudice against him on the court's initiative pursuant to **FED. R. CIV. P. 4(m)** for failure to effect service

and pursuant to **D.C.COLO.LR 41.1** for failure to prosecute.

Accordingly,

**IT IS RECOMMENDED** as follows:

1. That Defendants Vallario, Alstatt, and Gay's Motion to Dismiss [#9], filed January 16, 2006, **BE GRANTED**;

2. That Defendants Wilson and Gronbeck's Motion to Dismiss [#12], filed January 17, 2006, **BE GRANTED;**

2. That Plaintiff's claims against Defendant Vallario, Alstatt, Gay, Wilson, and Gronbeck **BE DISMISSED WITH PREJUDICE** pursuant to **FED. R. CIV. P. 12(b)(6)**;

3. That Defendants Vallario, Alstatt, Gay, Wilson, and Gronbeck **BE DROPPED** from this action;

4. That the above-referenced case caption **BE AMENDED** accordingly; and

5. That after 120 days from the filing of the Complaint, if Plaintiff cannot effect service or show good cause for his failure to serve Defendant Templon, this matter **BE DISMISSED without prejudice** against Defendant Templon on the court's initiative pursuant to **FED. R. CIV. P. 4(m)** for failure to effect service and pursuant to **D.C.COLO.LR 41.1** for failure to prosecute.

**IV.  Advisement to the Parties**.

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. **28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)**; *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).

The district judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which specific objection is made. **28 U.S.C. § 636(b)(1)**. A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. **See In re Griego**, 64 F.3d at 583; **United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma**, 73 F.3d 1057, 1060 (10th Cir. 1996). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. **28 U.S.C. § 636(b)(1)**.

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." **One Parcel of Real Property**, 73 F.3d at 1060. Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. **See Vega v. Suthers**, 195 F.3d 573, 579-80 (10th Cir. 1999) (district court's decision to review a magistrate's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver

7

rule"); **One Parcel of Real Property**, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); **International Surplus Lines Insurance Co. v. Wyoming Coal Refining Syss., Inc.**, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate's order, cross-claimant had waived its right to appeal those portions of the ruling); **Ayala v. U.S.**, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, Plaintiffs waived their right to appeal the magistrate's ruling).

    **DATED** at Denver, Colorado, this 3rd day of March, 2006.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge